1  CATHERINE A. CONWAY (SBN 98366)
   GREGORY W. KNOPP (SBN 237615)
2  ANASTASIA M. BOLES (SBN 224980)
   CHRISTOPHER BLANCHARD (SBN 250729)
3  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   2029 Century Park East, Suite 2400
4  Los Angeles, California 90067-3012
   Telephone:    310-229-1000
5  Facsimile:    310-229-1001
   cconway@akingump.com
6  gknopp@akingump.com
   aboles@akingump.com
7  cblanchard@akingump.com

8  Attorneys for DEFENDANT ERNST & YOUNG
   LLP

9

10

11                        UNITED STATES DISTRICT COURT

12                       EASTERN DISTRICT OF CALIFORNIA

13                            SACRAMENTO DIVISION

14

15

16  MICHELLE RICHARDS, on behalf       Case No.
    of herself and all others similarly
17  situated and on behalf of the general   **DEFENDANT ERNST & YOUNG
    public,                               LLP'S NOTICE OF REMOVAL OF
18                                        ACTION PURSUANT TO 28 U.S.C.
              Plaintiffs,                 §§ 1332(D)(2), 1441, 1446, AND 1453**
19
         v.                               [DECLARATIONS OF RICHARD
20                                        KAUL, DANIEL MARTIN, AND
    ERNST & YOUNG LLP, and DOES 1         CHRISTOPHER BLANCHARD IN
21  - 50,                                 SUPPORT OF DEFENDANT ERNST
                                          & YOUNG LLP'S NOTICE OF
22            Defendants.                 REMOVAL OF ACTION FILED
                                          CONCURRENTLY HEREWITH]
23
                                          (Sacramento County Superior Court
24                                        Case No. 34-2008-00014135-CU-OE-
                                          GDS)
25

26

27

28

6267721

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Ernst & Young LLP ("Ernst & Young" or "the Firm") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453.  In support thereof, Defendant states as follows:

1.     On June 19, 2008, a putative class action was commenced and is currently pending against Ernst & Young LLP in the Superior Court of California, Sacramento County, as Case No. 34-2008-00014135-CU-OE-GDS, entitled MICHELLE RICHARDS, on behalf of herself and all others similarly situated and on behalf of the general public, Plaintiffs, vs. ERNST & YOUNG, LLP, and DOES 1-150, Defendants. *See* Declaration of Christopher Blanchard in Support of Defendant Ernst & Young LLP's Notice of Removal of Action ("Blanchard Decl."), ¶ 2.  Attached as Exhibit A to the Blanchard Declaration is a true copy of the Proof of Service, Summons, Civil Case Cover Sheet, Notice of Related Case, and Complaint, as served on Ernst & Young via U.S. Mail on July 11, 2008.  *See* Blanchard Decl. ¶ 3.  Attached as Exhibit B to the Blanchard Declaration is a true conformed copy of Ernst & Young LLP's Answer to Plaintiff's Unverified Complaint, filed in Sacramento County on August 1, 2008.  *See* Blanchard Decl. ¶ 4.  On information and belief, there have been no further proceedings in case number 34-2008-00014135-CU-OE-GDS, and no other pleadings have been filed and served upon Plaintiff or Defendant in this action.  *See* Blanchard Decl. ¶ 5.

2.     Plaintiff is a former employee of Ernst & Young.  She asserts claims for failure to pay overtime wages, failure to properly compensate for meal and rest breaks, failure to pay all wages due at end of employment, and violation of California's unfair competition laws.  *See* Complaint, ¶¶ 14-35.  The Complaint describes a putative class consisting of all persons employed by Ernst & Young within the state of California as "'Staff One' or 'Staff Two' or Senior One' or 'Senior Two' or 'Finance Managing Assistant' personnel, or similarly titled personnel who were performing the same sort of

functions of the named plaintiff, and subject to the same salaried compensation system" during at least the four years prior to the Complaint being filed. *Id.*, ¶ 7.

3.     The Complaint and Summons were first served via U.S. Mail on July 11, 2008.  Ernst & Young's Notice of Removal is timely because it is filed within thirty (30) days of that service.  *See* 28 U.S.C. § 1446(b).

4.     **Jurisdiction.**  The above-described action is a civil action of which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441(b).  Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…."  Pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds five million dollars (exclusive of costs and interest).  *See* 28 U.S.C. §§ 1332(d)(2) and (d)(6).

5.     **Class Size.**  If Plaintiff's class allegations are established, the class will exceed 100 members.  *See* Complaint, ¶ 7; Declaration of Daniel Martin in Support of Defendant Ernst & Young LLP's Notice of Removal of Action ("Martin Decl.") ¶ 4.

6.     **Diversity of Citizenship.**  At all relevant times, there has been diversity of citizenship between the parties to the action.

7.     Ernst & Young is informed and believes that Plaintiff Michelle Richards, at the time this action was commenced, was a citizen and resident of the State of California.  *See* Complaint, ¶ 2.

8.     Ernst & Young is not a citizen of the State of California.  "[A]n unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10).  Ernst & Young is not organized under the laws of California.  Rather, at the time this action was commenced and currently, Ernst & Young was and is a limited

1  liability partnership organized under the laws of the State of Delaware. *See* Declaration

2  of Richard Kaul in support of Defendant Ernst & Young LLP's Notice of Removal of

3  Action ("Kaul Decl.") ¶ 2.[1]  Nor is California the state in which Ernst & Young has its

4  principal place of business.

5       9.     In the Ninth Circuit, the "principal place of business" is determined by a

6  two-part inquiry.  First, the Court applies the "place of operations" test to determine in

7  what state, if any, a "substantial predominance" of corporate activity takes place.

8  Second, if the corporation's activities are not predominant in a single state, the Court

9  applies the "nerve center" test to identify the state in which the majority of the

10  corporation's executive and administrative functions are performed.  *See Industrial*

11  *Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990); *United Computer*

12  *Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).  Under either test, Ernst

13  & Young's principal place of business is plainly not California.

14       10.    The "place of operations" test is determinative "where a corporation

15  conducts 'substantially all' of its operations in one state and its headquarters are located

16  in another state." *Industrial Tectonics,* 912 F.2d at 1093 ("[C]ourts generally assign

17  greater importance to the corporate headquarters when no state is clearly the center of

18  corporate activity.").  However, the "place of operations" test cannot properly identify a

19  corporation's principal place of business where the corporation has operations spread

20  throughout the country.  *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir.

21  1994) ("Because no one state contains a substantial predominance of the corporation's

22  business activities, the place of operations test is inappropriate"); *Ho v. Ikon Office*

23  *Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001).  To determine whether

24  "substantial predominance" in a particular state exists, courts look to several factors,

25  including the location of employees, tangible property, production activities, sources of

---

27      [1] A defendant may make the requisite showing by setting forth additional facts in affidavits or
declarations of knowledgeable company officials. *See United Computer Systems, Inc. v. AT&T Corp.*,
28  298 F.3d 756, 763 (9th Cir. 2002).

1   income, and the corporation's executive and administrative functions. *See Tosco Corp.*

2   *v. Communities for a Better Environment*, 236 F.3d 495, 500-502 (9th Cir. 2001).

3         11.    Ernst & Young's operations clearly do not substantially predominate in

4   California.  The Firm employs approximately 27, 804 individuals in 38 states and the

5   District of Columbia.  Kaul Decl. ¶ 7.  This includes more than 5,387 individuals

6   employed in New York, more than in any other state, and compared to only 3,549

7   employees in California.  See *id*.  Ernst & Young also has 516 partners in New York as

8   compared to only 336 partners in California.  *Id*.  The Firm's executive and

9   administrative operations are centrally managed from New York, not California.  Kaul

10  Decl. ¶ 3.  From its headquarters in New York, Ernst & Young makes and implements

11  firm-wide operating, financial, employee relations, marketing, development, accounting,

12  treasury, and legal policy decisions.  Kaul Decl. ¶ 5.  Additionally, meetings of Ernst &

13  Young's Americas Executive Board regularly take place in New York.  Kaul Decl. ¶ 6.

14  Moreover, Ernst & Young occupies a greater total square footage of business space in

15  New York than in any other state.  Kaul Decl. ¶ 8.  In fact, the total square footage of

16  business space in California is roughly half of the total square footage in New York.  *Id*.

17  For all these reasons, if Ernst & Young's operations substantially predominate in any

18  one state, that state is New York.

19        12.    If Ernst & Young's operations are not found to substantially predominate in

20  a single state, then the Court must apply the "nerve center" test to determine the Firm's

21  principal place of business.  *See Arellano v. Home Depot, U.S.A., Inc*., 245 F. Supp. 2d

22  1102, 1106 (S.D. Cal. 2003); *Ho*, 143 F. Supp. 2d at 1165; *Engels v. Exel Global*

23  *Logistics, Inc.*, No. C 04-3944 MHP, 2005 WL 850879, *5 (N.D. Cal., April 11, 2005).

24  Under the "nerve center" test, the principal place of business is the state where the

25  majority of executive and administrative functions are performed.  *See Tosco*, 236 F.3d

26  at 500.  Relevant factors include where executives reside and maintain offices, where

27  administrative and financial offices are located, where directors meet, where income tax

28  returns are filed, and where day-to-day control over the business is executed.  *See Unger*

1   *v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964), *accord State Farm Fire*

2   *& Casualty Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

3        13.   Under the "nerve center" test, Ernst & Young's principal place of business

4   is clearly not in California.  As explained above, the vast majority of the Firm's

5   executive and administrative functions occur in New York.  For example, the executive

6   officers of Ernst & Young, including the chairman and chief executive officer, chief

7   financial officer, vice chair of finance and administration, vice chair and general

8   counsel, and vice chair of people (human resources) maintain their offices at Ernst &

9   Young's headquarters in New York.  Kaul Decl. ¶ 4.  From its headquarters in New

10  York, the Firm manages day-to-day operations firm-wide, including determining and

11  implementing policy regarding human resources, marketing, finance, accounting, and

12  legal issues.  See Kaul Decl. ¶¶ 3-5.  In short, because Ernst & Young's executive and

13  administrative functions clearly are concentrated in New York, under the "nerve center

14  test" as well, California is not Ernst & Young's principal place of business. *See Tosco*,

15  236 F.3d at 500.

16       14.   **Amount in Controversy.**  Defendant avers, for purposes of this Notice

17  only, that if Plaintiff prevailed on the claims asserted in this action, the requested

18  monetary recovery would exceed five million dollars.[2]

19       15.   For her Fourth Cause of Action, Plaintiff alleges that Ernst & Young owes

20  penalties for having failed to pay wages – including the allegedly unpaid overtime pay –

21  to employees upon the end of their employment, as required by Section 203 of the

22  California Labor Code.  *See* Complaint, ¶¶ 28-31.  Under Section 203, former

23  employees whom an employer willfully denied wages may recover penalties in the

24  amount of their daily rate for a period of up to thirty days.  *See* Cal. Lab. Code § 203.

25

26

27        [2] A defendant may make the requisite showing by setting forth additional facts in the notice of
removal or by affidavit.  *See Lamke v. Sunstate Equipment Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D.

28  Cal. 2004).

16.    The class of former employees whom Plaintiff claims are entitled to penalties under Section 203 includes approximately 1,090 individuals who worked in one of Ernst & Young LLP's California offices. *See* Martin Decl. ¶¶ 4-6. At the time their employment ended, these former employees were earning an average annual salary of more than $63,239. *See* Martin Decl. ¶ 6. Therefore, their average daily rate of pay is more than $243, and a 30-day penalty would exceed, on average, $7,296 per person.[3] Accordingly, with respect to the 1,090 putative class members who are former full-time employees, the amount in controversy exceeds $7,953,520 for Plaintiff's Fourth Cause of Action alone.

17.    Accordingly, the jurisdictional requirement is met without even considering Plaintiff's request for damages for overtime pay and meal and rest break penalties. Complaint, ¶¶ 14-27.

18.    **Venue.** The United States District Court for the Eastern District of California is the judicial district embracing the place where Case No. 34-2008-00014135-CU-OE-GDS was filed by Plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

20.    There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(4).

//

//

//

//

---

[3] The daily rate for a full-time employee is calculated by dividing the annual salary by fifty-two to ascertain a weekly salary, and then dividing that amount by five, the number of days an employee typically works in a week. *See, e.g., Mamika v. Barca*, 68 Cal. App. 4th 487, 492-93 (1998); see also Division of Labor Standards Enforcement web page, available at: http://www.dir.ca.gov/dlse/FAQ_WaitingTimePenalty.htm.

1    WHEREFORE, Ernst & Young LLP requests that the above action now pending

2  against it in the Superior Court of California, Sacramento County, be removed therefrom

3  to this Court.

4

5  Dated:  August 8, 2008                    AKIN GUMP STRAUSS HAUER &
                                            FELD LLP
6                                           Catherine A. Conway
                                            Gregory W. Knopp
7                                           Anastasia M. Boles
                                            Christopher Blanchard

8

9                                           By_____
                                                    Christopher Blanchard
10                                          Attorneys for Defendant Ernst & YOUNG LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ERNST & YOUNG LLP'S NOTICE OF REMOVAL

6267721

# DECLARATION OF RICHARD KAUL

**DECLARATION OF RICHARD KAUL**

I, Richard Kaul, certify and declare as follows:  I am over eighteen years of age and have personal knowledge of the facts set forth in this declaration and would testify competently to them under oath if called as a witness.

1.    I am currently employed as Ernst & Young LLP's ("Ernst & Young" or "the Firm") National Manager for Equal Employment Opportunity and Affirmative Action. In that position, I am familiar with and have personal knowledge of Ernst & Young's organization as a limited liability partnership, policy-making procedures, workforce distribution, and general business affairs.

2.    Ernst & Young is a limited liability partnership organized under the laws of the State of Delaware and was so as of June 19, 2008.

3.    Ernst & Young maintains its headquarters at 5 Times Square, New York, New York 10036.  Ernst & Young's executive and administrative operations are centrally managed from this location.

4.    The executive officers of Ernst & Young, including the chairman and chief executive officer, chief financial officer, vice chair of finance and administration, vice chair and general counsel, and vice chair of people (human resources) maintain their offices at Ernst & Young's headquarters in New York.

5.    From its headquarters in New York, Ernst & Young makes and implements firm-wide operating, financial, employee relations, marketing, development, accounting, treasury, and legal policy decisions.

6.    Meetings of Ernst & Young's Americas Executive Board regularly take place in New York.

7.    Currently, Ernst & Young employs more than 27,804 individuals in 38 states and the District of Columbia.  The Firm employs more than 5,387 individuals in New York State and currently has 516 partners in New York State.  The Firm does not employ as many individuals in any other state.  Specifically, the Firm employs 3,549 individuals in California and has 336 partners in California.

1

1    8.    The total square footage of business space occupied by Ernst & Young is

2  greater in New York than any other state in the United States.  The total square footage

3  of business space in California is roughly half of the total square footage in New York.

4    I declare under penalty of perjury under the laws of the United States that the

5  foregoing is true and correct.

6    Executed on this 8th day of August, 2008, in Secaucus, New Jersey.

7

8

9                                             Richard Kaul

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF RICHARD KAUL IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S NOTICE OF
REMOVAL OF ACTION                                                    CV-08-_____

# DECLARATION OF DANIEL MARTIN

# DECLARATION OF DANIEL MARTIN

I, Daniel Martin, certify and declare as follows: I am over eighteen years of age and have personal knowledge of the facts set forth in this declaration and would testify competently to them under oath if called as a witness.

1.     I am employed by Ernst & Young LLP ("Ernst & Young") in the position of Analyst on the Americas People Team.

2.     Ernst & Young, using Oracle, maintains a Human Resources Information System computer database called "Human Resources Information Management" or "HRIM." Ernst & Young uses the database to track and analyze personnel data. Among other information, the HRIM database includes the current and historical job titles of each Ernst & Young employee. These job titles include "Staff One," "Staff Two," "Senior One," and "Financial Management Associate I." The database also includes current and historical information regarding work locations, practice group and salary and/or wage information for each Ernst & Young employee. The information in the database is based on monthly "snapshots" of employee information taken on the last day of each month.

3.     As part of my regular job duties, I process computer queries in order to extract information from the HRIM database.

4.     During the period from June 30, 2004 to June 30, 2008, Ernst & Young employed approximately 2,589 different individuals in California at the level of "Staff One," "Staff Two," "Senior One," or "Financial Management Associate I." I obtained this information by running a query in HRIM, requesting all current or former individuals employed in the positions of "Staff One," "Staff Two," "Senior One," and "Financial Management Associate I" between June 30, 2004 to June 30, 2008 whose work location is identified as being in California.

5.     Of the 2,589 individuals described above, approximately 1,090 are currently not employed with Ernst & Young. I obtained this information by running a query in HRIM, requesting all former employees who were employed at the level of

1

1   "Staff One," "Staff Two," "Senior One," or "Financial Management Associate I" since

2   June 30, 2004 whose work location is identified as being in California.

3         6.      At the time their employment ended, these approximately 1,090 former

4   employees were earning an average annual salary of approximately $63,239.  I obtained

5   this information by calculating the arithmetic mean of the most recent salaries for each

6   of these former employees.

7

8         I declare under penalty of perjury under the laws of the United States that the

9   foregoing is true and correct.

10

11         Executed on August 6, 2008, at Raleigh, North Carolina.

12

13

14                                                  _____
                                                    Daniel Martin

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL MARTIN IN SUPPORT OF DEFENDANT ERNST & YOUNG LLP'S NOTICE OF
REMOVAL OF ACTION
                                                                          CV-08-_____

# DECLARATION OF
# CHRISTOPHER BLANCHARD

## DECLARATION OF CHRISTOPHER BLANCHARD

I, Christopher Blanchard, certify and declare as follows:

1.      I am an attorney at law duly licensed to practice in the Eastern District of California and an associate in the law firm of Akin Gump Strauss Hauer & Feld LLP, attorneys of record for Defendant Ernst & Young LLP ("Ernst & Young") in this action. I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would and could testify competently under oath thereto.  I submit this declaration in support of Defendant Ernst & Young LLP's Notice of Removal of Action.

2.      On June 19, 2008, a putative class action was commenced and is currently pending against Ernst & Young LLP in the Superior Court of California, Sacramento County, as Case No. 34-2008-00014135-CU-OE-GDS, entitled MICHELLE RICHARDS, on behalf of herself and all others similarly situated and on behalf of the general public, Plaintiffs, vs. ERNST & YOUNG, LLP, and DOES 1-150, Defendants.

3.      Attached hereto as **Exhibit A** is a true copy of the Summons, Civil Case Cover Sheet, Notice of Related Case, and Complaint, as served on Ernst & Young via U.S. Mail on July 11, 2008.

4.      Attached hereto as **Exhibit B** is a true conformed copy of Ernst & Young LLP's Answer to Plaintiff's Unverified Complaint, filed in Sacramento County Superior Court on August 1, 2008.

5.      On information and belief, there have been no further proceedings in case number 34-2008-00014135-CU-OE-GDS, and no other pleadings have been filed and served upon Plaintiff or Ernst & Young in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 8th day of August, 2008, in Los Angeles, California.

_____
Christopher Blanchard

1

# EXHIBIT A

1  H. TIM HOFFMAN (SBN 049141)
   ARTHUR W. LAZEAR (SBN 083603)
2  ROSS L. LIBENSON, ESQ. (SBN 181912)
   HOFFMAN & LAZEAR
3  180 Grand Avenue Suite #1550
   Oakland, CA  94612
4  Telephone:  (510) 768-5700
   Facsimile:  (510) 835-1311
5
6  MARK R. THIERMAN, (SBN 72913)
   LEON GREENBERG, (SBN226253)
7  THIERMAN LAW FIRM
   7287 Lakeside Drive
8  Reno, NV 89511
   Telephone (775) 284-1500
9
   Attorneys for Plaintiff

FILED
Superior Court Of California,
Sacramento

Dennis Jones, Executive
Officer

06/19/2008
epasalo

By _____ , Deputy
Case Number:
34-2008-00014135-CU-OE-GDS

Department
Assignments
Case Management 44
Law and Motion 53
Minors Compromise 16

10

11              SUPERIOR COURT OF CALIFORNIA,

12           IN AND FOR THE COUNTY OF SACRAMENTO

13                                          Case No.

14  MICHELLE RICHARDS, on behalf of
    herself and all others similarly
15  situated and on behalf of the general
    public,
16
17                         Plaintiff,

18          versus,                        COMPLAINT and DEMAND FOR JURY TRIAL

19  ERNST & YOUNG LLP,
    and DOES #1-50,
20
21                         Defendants.

22

23      COMES NOW PLAINTIFF, on behalf of herself and all others similarly situated and on behalf of

24  the general public, and alleges:

                       JURISDICTION and VENUE
25
26      1.  This Court has jurisdiction over the claims alleged herein because Plaintiff seeks relief

27  pursuant to the laws of the State of California for the failure to pay wages due for work performed,

28  *inter alia*, within the County of Sacramento on behalf of Defendant ERNST & YOUNG LLP.
    ///

## PARTIES

2.  Plaintiff MICHELLE RICHARDS (the "named plaintiff") resides and is a citizen of the State of California.

3.  Defendant ERNST & YOUNG LLP is a limited liability partnership practicing public accountancy pursuant to a license with the California Board Of Accountancy and employs numerous individuals in Sacramento County, California.

4.  Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 50 but will amend this complaint when that information becomes known.  Plaintiff is informed and believes and thereon alleges that, at all relevant times, each of the defendants, including the DOE defendants, was the officer, director, employee, agent, representative, alter ego or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein, was acting in the course and scope of, and in furtherance of, such relationship.  Unless otherwise specified, plaintiff will refer to all defendants collectively as "Defendant" and each allegation pertains to each defendant.

5.  The named plaintiff is a former employee of the defendant and those similarly situated to the plaintiff are former or current employees of the defendant.

## CLASS ACTION AND REPRESENTATIVE ALLEGATIONS

6.  The named plaintiff brings this action on her own behalf, and on behalf of the class of all persons similarly situated and on behalf of the general public.

7.  The class consists of all persons employed by the Defendant within the State of California and are citizens of the State of California as "Staff One" or "Staff Two" or "Senior One" or "Senior Two" or "Finance Managing Assistant" personnel, or similarly titled personnel who were performing the same sort of functions of the named plaintiff, and subject to the same salaried compensation system, from the earlier of either four years from the filing of any other class action complaint for similar wrongful conduct by Defendant of which plaintiff is a putative class member or four years

preceding the commencement of this action, through the date of judgment after trial who were not

compensated for their work and overtime work as required by California law.

8.  The named plaintiff seeks to represent a class of persons who are so numerous that the

joinder of each member of the class is impracticable.

9.  There is a well-defined community of interest in the questions of law and fact affecting the

class the named plaintiff represents.  The class members' claims against Defendant involve questions

of common or general interest, in that their claims are based on Defendant's implementation and

utilization of a policy pursuant to which all members of the class were denied payment of wages,

overtime compensation and rest and meal breaks during the time in question.  These questions are

such that proof of a state of facts common to the members of the class will entitle each member of the

class to the relief requested in this Complaint.

10.  The named plaintiff will fairly and adequately represent the interests of the class, because

the named plaintiff is a member of the class and the claims of the named plaintiff are typical of those

in the class.

**FACTS**

11.  Plaintiff hereby incorporates each and every allegation contained in this Complaint above

and realleges said allegations as though fully set forth herein.

12.  During all times relevant herein, the class members supported the business of Defendant

by working under the direction of their superiors, the managers and partners of the Defendant.  Such

work involved the class members assisting their superiors in the production of the products and

services provided by the Defendant's business to its customers.  The great majority of such work by

the class members included, but was not limited to, secretarial, clerical, and data entry support work,

including filing papers, organizing and assembling documents, taking notes of meetings, entering data

into tax return forms, entering spreadsheet data and formatting spreadsheets, and similar tasks

requiring very little or no exercise of independent judgment or discretion or any advanced professional degree or license or the prior completion of any extended course of academic or technical studies in any art or science.

13.     Defendant compensated the named plaintiff and the class members on a "salary only" basis whereby the named plaintiff and the class members were paid a fixed salary for all hours worked during each week.

## FIRST CAUSE OF ACTION: Overtime Wages

### (California Labor Code Section 1194)

14.     Plaintiff hereby incorporates each and every allegation contained in this Complaint above and realleges said allegations as though fully set forth herein.

15.   At all relevant times, the named plaintiff and the plaintiff class members were required to work in excess of eight hours during the workday and in excess of 40 hours during the workweek and/or worked more than six consecutive days in a workweek.

16.   During all relevant times the Wage Order No. 4 of the California Industrial Welfare Commission provided that "...nonexempt employees must be paid an overtime premium for all hours worked in excess of eight during the workday and in excess of 40 during the workweek, as well as for work performed on the seventh workday in a work week...."

17.   Although the named plaintiff and the plaintiff class members worked overtime as that term was defined in the relevant wage orders, Defendant failed and refused to pay the legally required state overtime premiums.

18.   Therefore, named plaintiff, on her own behalf and on behalf of all plaintiff class members, demands overtime compensation as provided under California law.

///

///

## SECOND CAUSE OF ACTION: OVERTIME AND UNPAID WAGES

### (California Labor Business and Professions Code §§17200, et seq)

19. Plaintiff hereby incorporates each and every allegation contained in this Complaint and realleges said allegations as though fully set forth herein.

20. Throughout the above-described period Defendant repeatedly misrepresented to the members of the plaintiff class and the general public that the plaintiff class members were "professional" or other sorts of employees exempt from the overtime laws of the State of California. The Defendant also failed to require or have the class members take specified paid and/or unpaid meal and rest breaks as required by California law and did not pay the class members an hour of additional wages per day for such unreceived break time, as required by California law.

21. The misrepresentations and omissions by the Defendant gave Defendant a competitive advantage over other employers who legitimately paid their workers the proper overtime wages and other wages required by California law and who also gave the employees the meal and rest breaks required by California law or the additional wages required by California law in lieu thereof.

22. Defendant's conduct described in this Complaint constitutes an unlawful business practice in violation of the provisions of Business and Professions Code §§17200, et seq.

23. Therefore, Plaintiff prays for restitution and injunctive relief for herself and all class members for all wages due and an order pursuant to Business & Professions Code Section 17203 to cease from failing to pay overtime wages to workers employed or who render services to Defendant within California.

## THIRD CAUSE OF ACTION: STATUTORY INTEREST ON UNPAID WAGES

### (Labor Code Section 218.6)

24. Plaintiff hereby incorporates each and every allegation contained in this Complaint above and realleges said allegations as though fully set forth herein.

Complaint and Demand For Jury Trial                         5

25. California Labor Code Section 218.6 states: In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

26. Subdivision (b) of Section 3289 of the California Civil Code states: "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."

27. Therefore, Plaintiff, on her own behalf and all class members, demands interest on the amount of wages due weekly at the rate of 10% per annum as required by law.

## FOURTH CAUSE OF ACTION: WAITING PENALTIES

### (California Labor Code Section 203)

28. Plaintiff hereby incorporates each and every allegation contained in this Complaint above and realleges said allegations as though fully set forth herein.

29. California Labor Code Section 203 states "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

30. The named plaintiff and the majority of class members terminated employment more than 30 days prior to the filing of this lawsuit.

31. Therefore, Plaintiff, on her own behalf and all class members, demands waiting penalties according to law.

///

///

# FIFTH CAUSE OF ACTION: WAGES FOR WORKED BREAK TIME

## (California Labor Code Section 226.7)

32.   Plaintiff hereby incorporates each and every allegation contained in this Complaint above and realleges said allegations as though fully set forth herein.

33.   Pursuant to California Labor Code Section 226.7, and the wage orders issued pursuant to said statute, the plaintiff and the class members were entitled to paid 10 minute breaks for every four hours of daily employment and an unpaid meal break of 30 minutes after five hours of daily employment.

34.   Although the plaintiff and the class members regularly worked for amounts of time each day that would entitle them to the paid and unpaid rest and meal breaks provided for under California Labor Code Section 226.7 they often did not receive such daily rest and meal breaks, and they did not receive one hour of additional pay on the days they did not receive such breaks.

35.   Therefore, Plaintiff demands the payment of an additional one hour of pay for each day that they were not provided with the breaks required by California law.

## DEMAND FOR JURY TRIAL

36.   Plaintiff, on her own behalf and all class members, demands a jury trial to all issues herein joined.

NOW THEREFORE, Plaintiff prays for relief for herself and all class members as follows:

1.   Premium pay for overtime hours worked according to the Wage Orders of the Industrial Welfare Commission applicable at the time work was performed;

2.   One hour of additional wages for each day that they worked and were not provided with the breaks required by California law;

3.   Interest at the legal rate of 10% per annum, from each week payment of wages were due for each and every class member;

1    4. Waiting penalties as provided for under Labor Code Section 203;

2    5. Attorneys' fees and costs as required by Labor Code Section 1194;

3

4    6. Equitable and injunctive relief including restitution; and

5    7. Such further relief the court deems just and reasonable.

6

7

8                       HOFFMAN & LAZEAR

9

10   June 17, 2008          By:

11

12                       H. TIM HOFFMAN
                          Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FILED FOR COURT USE ONLY |
|---|---|
| H. Tim Hoffman<br>HOFFMAN & LAZEAR<br>180 Grand Avenue, Suite 1550<br>Oakland, CA 94612<br>TELEPHONE NO: 510-763-5700   FAX NO: 510-835-1311<br>ATTORNEY FOR (Name): Plaintiff, Michelle Richards | Superior Court Of California,<br>Sacramento<br>Dennis Jones, Executive<br>Officer<br>06/19/2008<br>epassio<br>By _____ , Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: 720 Ninth Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil Division

CASE NAME:
RICHARDS vs. ERNST & YOUNG, LLP

Case Number:
34-2008-00014135-CU-OE-GDS

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [✓] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [✓] Other employment (15) | | |

**2** This case [✓] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3** Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
**4** Number of causes of action (specify): 5-Overtime, Unpaid, Statutory Interest, Waiting, Wages for Worked Break
**5** This case [✓] is [ ] is not  a class action suit
**6** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 18, 2008
H. TIM HOFFMAN
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ERNST & YOUNG, LLP, and DOES #1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHELLE RICHARDS, on behalf of herself and all others similarly
situated and on behalf of the general public,

FILED
Superior Court of California,
Sacramento
Dennis Jones, Executive
Officer
06/19/2008
epasalo
By *NP* , Deputy
Case Number:
34-2008-00014135-CU-OE-GDS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*
Superior Court of California County of Sacramento
720 Ninth Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
HOFFMAN & LAZEAR, 180 Grand Avenue, Suite 1550, Oakland, CA 94612
510-763-5700

| DATE *(Fecha)* | JUN 19 2008 | Clerk, by *E. Pasalo* *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☑ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CM-015

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
H Tim Hoffman
HOFFMAN & LAZEAR
180 Grand Avenue, Suite 1550
Oakland, CA 94612

TELEPHONE NO 510-763-5700   FAX NO (Optional) 510-835-1311
E-MAIL ADDRESS (Optional) hth@hoffmanandlazear.com
ATTORNEY FOR (Name) Plaintiff, Michelle Richards

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS 720 Ninth Street
MAILING ADDRESS 720 Ninth Street
CITY AND ZIP CODE Sacramento, CA 95814
BRANCH NAME Civil Division

FILED
Superior Court Of California,
Sacramento
Dennis Jones, Executive
Officer
06/19/2008
epessio
By _____, Deputy
Case Number:
34-2008-00014135-CU-OE-GDS

PLAINTIFF/PETITIONER Michelle Richards, et al.

DEFENDANT/RESPONDENT Ernst & Young, LLP, and DOES #1-50,

**NOTICE OF RELATED CASE**

CASE NUMBER

JUDICIAL OFFICER

DEPT

*Identify, in chronological order according to date of filing, all cases related to the case referenced above*

1. a Title DAVID HO vs. ERNST & YOUNG, LLP
   b Case number CV-05-4867-JF/HRL
   c Court ☐ same as above
      ☑ other state or federal court *(name and address)* USDC Northern California, San Jose - 280 1ST STREET SAN JOSE, CA 95113
   d Department
   e Case type ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*
   f Filing date 11/29/2005
   g Has this case been designated or determined as "complex?" ☑ Yes ☐ No
   h Relationship of this case to the case referenced above *(check all that apply)*
      ☐ involves the same parties and is based on the same or similar claims
      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact
      ☐ involves claims against, title to, possession of, or damages to the same property
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges
         ☐ Additional explanation is attached in attachment 1h
   i Status of case
      ☑ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

2. a Title
   b Case number
   c Court ☐ same as above
      ☐ other state or federal court *(name and address)*
   d Department

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Page 1 of 3
Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-015

| PLAINTIFF/PETITIONER: Michelle Richards, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ernst & Young, LLP, and DOES #1-50, | |

2 (continued)

  e  Case type   ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other (specify)

  f  Filing date

  g  Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

  h  Relationship of this case to the case referenced above (check all that apply)

    ☐ involves the same parties and is based on the same or similar claims

    ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact

    ☐ involves claims against, title to, possession of, or damages to the same property

    ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges

      ☐ Additional explanation is attached in attachment 2h

  i  Status of case

    ☐ pending

    ☐ dismissed   ☐ with   ☐ without prejudice

    ☐ disposed of by judgment

3   a  Title

  b  Case number

  c  Court   ☐ same as above

    ☐ other state or federal court (name and address)

  d  Department

  e  Case type   ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other (specify)

  f  Filing date

  g  Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

  h  Relationship of this case to the case referenced above (check all that apply)

    ☐ involves the same parties and is based on the same or similar claims

    ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact

    ☐ involves claims against, title to, possession of, or damages to the same property

    ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges

      ☐ Additional explanation is attached in attachment 3h

  i  Status of case

    ☐ pending

    ☐ dismissed   ☐ with   ☐ without prejudice

    ☐ disposed of by judgment

4   ☐ Additional related cases are described in Attachment 4  Number of pages attached _____

Date June 18, 2008

H. Tim Hoffman
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER Michelle Richards, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT Ernst & Young, LLP, and DOES #1-50, | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1   I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*

HOFFMAN & LAZEAR, 180 Grand Avenue, Suite 1550, Oakland, CA 94612

2   I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*

   a ☐ deposited the sealed envelope with the United States Postal Service

   b ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service

3   The *Notice of Related Case* was mailed

   a   on *(date)*  June 18, 2008

   b   from *(city and state)*  Oakland, California

4   The envelope was addressed and mailed as follows

   a   Name of person served
   Leon Greenberg
   Street address 633 S. 4th Street  Suite 9
   City  Las Vegas
   State and zip code  Nevada 89101

   b   Name of person served
   Mark R. Thierman
   Street address  7257 Lakeside Drive
   City  Reno
   State and zip code  Nevada 89511

   c   Name of person served
   Max Folkenflik
   Street address  1500 Broadway, 21st Floor
   City  New York
   State and zip code  New York 10036

   d   Name of person served
   Stephanie S. Der
   Street address  2029 Century Park East, Suite 2400
   City  Los Angeles
   State and zip code  California 90067

☑ Names and addresses of additional persons served are attached *(You may use form POS-030(P) )*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Date  June 18, 2008

SHOLA OGUNLANA

   *(TYPE OR PRINT NAME OF DECLARANT)*                 *(SIGNATURE OF DECLARANT)*

## PROOF OF SERVICE

I, Shola Ogunlana, declare:

    I am, and was at the time of the service mentioned in this declaration, over the age of 18 years and am not a party to this cause.  My business address is HOFFMAN & LAZEAR, 180 Grand Avenue, Suite 1550, Oakland, California  94612, Alameda County, California. On June 18, 2008, I served the following documents:

### NOTICE OF RELATED CASE

**EMAIL:** By transmitting via email based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below.

**BY HAND DELIVERY·** By hand delivering the document(s) listed above to the person(s) at the address(es) set forth below.

**FEDERAL EXPRESS:** By placing the documents(s) listed above in FEDERAL EXPRESS drop box facility located closest to my office in Oakland, California, in a sealed FEDERAL EXPRESS envelope, for 5:30 p.m. pickup and overnight delivery. The FEDERAL EXPRESS request form was completed in a manner so that postage was prepaid, and contained instructions requesting delivery by not later than 5:00 pm the following business day, to the person(s) at the address(es) set forth below.

**ELECTRONIC FILING:** The following parties were served by simultaneously filing the attached document(s) with the United States District Court, Northern District of California, Case No. C 05 04867 (JF):

✓   **BY MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below.

Joel M. Cohn
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave NW, Ste. 400
Washington, DC 20036

Anastasia Melinda Boles
Akin Gump Strauss Hauer & Feld, LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067

Catherine A. Conway
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067

Gregory William Knopp
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067

Seth Adam Spiewak
Akin Gump Strauss Hauer & Feld LLP
Labor & Employment
2029 Century Park East
#2400
Los Angeles, CA 90067

1   I declare under penalty of perjury under the laws of the State of California that the
2   foregoing is true and correct.

3   Dated: June 18, 2008

4

5   Shola Ogunlana, Paralegal

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

1   **AKIN GUMP STRAUSS HAUER & FELD LLP**
    CATHERINE A. CONWAY (SBN 98366)
2   GREGORY W. KNOPP (SBN 237615)
    ANASTASIA M. BOLES (SBN 224980)
3   CHRISTOPHER BLANCHARD (SBN 250729)
    2029 Century Park East, Suite 2400
4   Los Angeles, California 90067-3012
    Telephone: 310-229-1000
5   Facsimile: 310-229-1001

6   Attorneys for DEFENDANT ERNST & YOUNG LLP

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF SACRAMENTO

11

12   MICHELLE RICHARDS, on behalf of   |   Case No. 34-2008-00014135-CU-OE-GDS
    herself and all others similarly situated and
13   on behalf of the general public,   |   Department Assignments:
                              Case Management: 44
14              Plaintiff,   |   Law and Motion: 53
                              Minors Compromise: 16
15       v.
                              **DEFENDANT ERNST & YOUNG LLP'S**
16   ERNST & YOUNG LLP, and DOES 1 - 50,   |   **ANSWER TO PLAINTIFF'S**
                              **UNVERIFIED COMPLAINT**
17              Defendants.
                              Date Action Filed:   June 19, 2008
18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANT ERNST & YOUNG LLP's ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

FILED
ENDORSED
AUG - 1 2008
By L. PRATO
Deputy Clerk

1       Defendant Ernst & Young LLP ("Defendant") hereby answers Plaintiff's unverified Complaint

2 ("Complaint") filed by Plaintiff Michelle Richards ("Plaintiff"), as follows:

### GENERAL DENIAL

4       Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally

5 and specifically denies each and every allegation of the Complaint.  Further, and without admitting any

6 of the allegations asserted therein or conceding that Defendant bears any burden of proof on any issue

7 that Defendant would not otherwise bear such burden on, Defendant asserts the following general and

8 affirmative defenses to the Complaint:

### FIRST DEFENSE

10 **(Failure to State a Cause of Action)**

11       Plaintiff is barred from relief because the Complaint, and each of the five purported causes of

12 action set forth therein, fails to allege facts sufficient to state a cause of action against Defendant.

### SECOND DEFENSE

14 **(Statute of Limitations)**

15       Plaintiff is barred from relief to the extent that she seeks relief for conduct occurring outside the

16 periods proscribed by the applicable statutes of limitation.

### THIRD DEFENSE

18 **(Failure to Exhaust Administrative Remedies)**

19       Plaintiff is barred from relief to the extent she was required, but failed, to exhaust

20 administrative remedies.

### FOURTH DEFENSE

22 **(Good Faith)**

23       Plaintiff is barred from relief because Defendant acted in good faith and had reasonable

24 grounds for believing that Defendant did not violate the California Labor Code.

25 ///

26 ///

27 ///

28 ///

DEFENDANT ERNST & YOUNG LLP's ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

### FIFTH DEFENSE

2

#### (Exempt Employee)

3       Plaintiff is barred from relief because she is exempt from coverage under the provisions of the

4   overtime requirements of the California Labor Code and/or the Wage Orders referenced in the

5   Complaint.

6

### SIXTH DEFENSE

7

#### (Frivolous Claims)

8       Plaintiff is barred from relief because Plaintiff's Complaint and each purported cause of action

9   therein were not brought in good faith and are frivolous.  Therefore, Defendant is entitled to recover

10  reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this

11  court's inherent authority and California Code of Civil Procedure § 128.7.

12

### SEVENTH DEFENSE

13

#### (Waiver)

14      Plaintiff is barred from relief because, by her actions, she has waived her right to recovery.

15

### EIGHTH DEFENSE

16

#### (Failure to Mitigate)

17      Plaintiff is barred from relief to the extent she failed to mitigate her alleged damages.

18

### NINTH DEFENSE

19

#### (Paid All Sums)

20      Plaintiff is barred from relief because Defendant has paid Plaintiff all sums due her.

21

### TENTH DEFENSE

22

#### (Laches)

23      Plaintiff is barred from relief because Plaintiff has inexcusably and unreasonably delayed the

24  filing of this action, causing prejudice to Defendant.

25

### ELEVENTH DEFENSE

26

#### (No Basis for Attorneys' Fees)

27      Plaintiff is barred from relief because she has no basis to seek attorneys' fees under California

28  Labor Code § 1194.

DEFENDANT ERNST & YOUNG LLP's ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## TWELFTH DEFENSE

2

### (De Minimis Doctrine)

3

Plaintiff is barred from relief because each purported cause of action stated in the Complaint is

4

barred under the de minimis doctrine.

5

## THIRTEENTH DEFENSE

6

### (Compliance with Statute)

7

Defendant at all times complied with all applicable statutes, regulations and laws; accordingly,

8

the Complaint and each purported cause of action therein are barred.

9

## FOURTEENTH DEFENSE

10

### (Time Not Compensable)

11

The time for which Plaintiff seeks compensation does not, in whole or in part, constitute

12

compensable working time.

13

## FIFTEENTH DEFENSE

14

### (Injunctive Relief)

15

The Complaint fails to allege facts sufficient to state a claim for injunctive relief.

16

## SIXTEENTH DEFENSE

17

### (Standing)

18

Plaintiff lacks standing to challenge any employment practice that did not affect her.

19

## SEVENTEENTH DEFENSE

20

### (Class Action)

21

To the extent that Plaintiff purports to bring this case as a class or collective action, Plaintiff

22

cannot satisfy the requirements for a class or collective action.

23

## EIGHTEENTH DEFENSE

24

### (Impermissible Representative Action)

25

Plaintiff is barred from obtaining relief against Defendant, because California Business and

26

Professions Code §17200, *et seq.*, does not permit representative actions where liability can be

27

determined only through fact-intensive individualized assessments of alleged wage and hour

28

violations.

1

## NINETEENTH DEFENSE

2

### (Class Action Civil Penalties Unconstitutional)

3      The Complaint, and each purported cause of action contained therein, is barred to the extent

4  Plaintiff's claim for civil penalties on behalf of a class is unconstitutional in violation of the United

5  States and California Constitutions.

6

7

## RESERVATION OF RIGHTS

8      Defendant hereby gives notice that Defendant intends to rely upon such other and further

9  affirmative defenses as may become available during discovery in this action and reserves the right to

10  amend this Answer to assert any such defenses.

11

12      **WHEREFORE**, Defendants pray for judgment as follows:

13           1.     That Plaintiff take nothing by the Complaint;

14           2.     That the Complaint be dismissed;

15           3.     For judgment in favor of Defendant;

16           4.     For costs of suit herein;

17           5.     For attorneys' fees pursuant to Labor Code § 218.5 and California Code of Civil

18  Procedure § 128.7 and any other appropriate basis; and

19           6.     For such other and further relief as the Court may deem proper and just.

20

21  Dated:  August 1, 2008                 **AKIN GUMP STRAUSS HAUER & FELD LLP**
                                           Catherine A. Conway
22                                         Gregory W. Knopp
                                           Anastasia M. Boles
23                                         Christopher Blanchard

24

25                                         By_____
                                               Christopher Blanchard
26                                         Attorneys for Defendant ERNST & YOUNG LLP

27

28

1

### PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, CA 90067.  On August 1, 2008, I served the foregoing document(s) described as: **DEFENDANT ERNST & YOUNG LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**  on the interested party(ies) below, using the following means:

4

5

6

7

| | |
|---|---|
| H. Tim Hoffman, Esq. | Mark R. Thierman, Esq. |
| Arthur W. Lazear, Esq. | Leon Greenberg, Esq. |
| Ross. L. Libenson, Esq. | Thierman Law Firm |
| Hoffman & Lazear | 7287 Lakeside Drive |
| 180 Grand Avenue, Suite 94612 | Reno, NV  89511 |
| Oakland, CA 90405 | |
| 510.835.1311 (fax) | |

8

9

10

11

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

12

13

14

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15

16

     Executed on August 1, 2008 at Los Angeles, California.

17

Monica Hampton-Battie
[Print Name of Person Executing Proof]                    [Signature]

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

 I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, CA 90067.  On August 8, 2008, I served the foregoing document(s) described as: **DEFENDANT ERNST & YOUNG LLP'S NOTICE OF REMOVAL OF ACTION** on the interested party(ies) below, using the following means:

| | |
|---|---|
| H. Tim Hoffman, Esq. | Mark R. Thierman, Esq. |
| Arthur W. Lazear, Esq. | Leon Greenberg, Esq. |
| Ross. L. Libenson, Esq. | Thierman Law Firm |
| Hoffman & Lazear | 7287 Lakeside Drive |
| 180 Grand Avenue, Suite 94612 | Reno, NV  89511 |
| Oakland, CA 90405 | |
| 510.835.1311 (fax) | |

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  §

 I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 Executed on August 8, 2008 at Los Angeles, California.

GWENDOLYN MAJORS

[Print Name of Person Executing Proof]      [Signature]

DEFENDANT ERNST & YOUNG LLP'S NOTICE OF REMOVAL

6267721