**E-Filed 2/24/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE RICHARDS on behalf of herself and all others similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>ERNST & YOUNG LLP,<br><br>Defendant. | Case Number C 08-4988 JF (HRL)<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Defendant Ernst & Young LLP ("E&Y") seeks summary judgment with respect to the claims of Plaintiff Michelle Richards ("Richards"). The Court has considered the moving and responding papers and the oral argument presented at the hearing on January 29, 2010. For the reasons discussed below, the motion will be granted in part and denied in part.

## I. BACKGROUND

Richards worked for E&Y from August 2001 until July 2007, when she resigned her employment. Initially she worked in the Finance department, first as a finance assistant and later as a financial managing associate. After obtaining a degree in business accounting, she

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-4988 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)

1  transferred to the Tax Minimization group, first as a staff and later as a senior, the position she
2  held at the time of her resignation.
3      On June 19, 2008, Richards filed the instant action in the Superior Court for the County
4  of Sacramento. E&Y removed the action to the United States District Court for the Eastern
5  District of California; the action subsequently was transferred to this Court and related to the
6  earlier filed *Ho*[2] and *Landon*[3] actions. On April 20, 2009, the three actions were consolidated for
7  class certification purposes only.
8      Richards asserts claims on behalf of herself and a putative class for unpaid overtime,
9  statutory damages for failure to provide meal and rest breaks, waiting penalties, and interest. She
10 seeks money damages and injunctive relief. E&Y seeks summary judgment on the grounds that
11 Richards' claims for money damages are moot, and that Richards lacks standing to pursue claims
12 for injunctive relief. Failing disposition of the entire action on these grounds, E&Y requests
13 partial summary judgment with respect to Richards' meal and rest breaks claims on the ground
14 that such breaks in fact were provided.

## II. LEGAL STANDARD

16 "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on
17 file, and any affidavits show that there is no genuine issue as to any material fact and that the
18 movant is entitled to judgment as a matter of law.'" *Hauk v. JP Morgan Chase Bank USA*, 552
19 F.3d 1114, 1117 (9th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). When determining whether an
20 issue of material fact remains for trial, the court "must view the evidence and all inferences
21 therefrom in the light most favorable to the non-moving party and may not weigh the evidence or
22 make credibility determinations." *Id*. (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255,
23 (1986)).

---

[2] *David Ho, et al. v. Ernst & Young LLP,* C 05-4867 JF (HRL).

[3] *Joseph Landon v. Ernst & Young LLP, et al.*, C 08-2853 JF (HRL).

2

Case No. C 08-4988 JF (HRL)
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(JFLC2)

### III. DISCUSSION

**A.    Money Damages**

Richards' complaint clearly requests money damages, and on March 31, 2009, Richards provided E&Y with a computation of damages as part of her initial disclosures. Richards claims unpaid overtime in the amount of $119,084.54, damages for failure to provide meal and rest breaks in the amount of $39,694.85, waiting penalties in the amount of $6,807.69, and interest in the amount of $12,000. Richards has produced W-2 statements and time records in the course of discovery.

E&Y's mootness argument is based upon Richards' deposition testimony, set forth as follows:

> Q:    What's your hope to achieve in this lawsuit?
> A:    I would hope that Ernst & Young would take a look at fairness in how they categorize employees, because I don't feel at this time that they do or at the time that I worked there that they did.
> Q:    Anything else?
> A:    No.
> Q:    You don't hope to recover any money in connection with this lawsuit?
> A:    No.
> Q:    No interest in recovering money?
> A:    No.

The Court concludes that Richards' response to a question regarding her spiritual "hopes" is insufficient to waive her claims for money damages, particularly in light of her specific allegations and prior disclosures. Richards reasonably could have understood the deposition questions to be about her motivation in bringing the instant lawsuit; a response that she is interested not in money but in fairness does not constitute a waiver of money damages claims or render such claims moot. Richards states in her declaration that she understood E&Y to be asking whether she hoped to get paid for her services as a party plaintiff, and that she answered that question in the negative; Richards denies any intent to waive her claims for money damages. Considering the record in its entirety, and viewing all reasonable inferences in the light most

favorable to Richards, the Court concludes that Richards' money damages claims are not moot.[4]

**B.     Injunctive Relief**

In addition to money damages, Richards seeks injunctive relief precluding E&Y from continuing with its alleged violations of wage and hour laws.  E&Y asserts that Richards lacks standing to seek such relief because she no longer works for E&Y and therefore is not threatened personally by the alleged labor code violations.  Richards asserts that she has standing to seek injunctive relief on behalf of the class, which includes current employees of E&Y, even though she herself no longer works for E&Y.

"Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical."  *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (quoting *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001)).  "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury."  *Id*. (quoting *Clark*, 259 F.3d at 1007).  In *Hangarter*, a plaintiff insured brought suit against her insurer and its parent company for discontinuing total disability benefits, alleging *inter alia* a claim for injunctive relief under the California Unfair Competition Act ("UCA").  The appellate court concluded that the plaintiff lacked Article III standing to seek injunctive relief against the defendants for violation of California's UCA, because the plaintiff "currently has no contractual relationship with Defendants and therefore is not personally threatened by their conduct."  *Id*. at 1022.

"Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."  *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).  "Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question of whether the named plaintiffs are entitled to the injunctive relief they seek."  *Id*.

---

[4] Richards makes an additional argument that statutory wage claims cannot be waived, citing authority that an employee cannot contract with an employer to work for less than minimum wage.  *See* Cal. Lab. Code § 1194.  This statute is irrelevant to the question of whether a litigant may waive a particular claim asserted in a lawsuit.

4

Several district courts have applied these standards in the context of wage and hour class actions, and have concluded that a former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees. *See, e.g., Delodder v. Aerotek, Inc.*, No. CV 08-6044 CAS (AGRx), 2009 WL 3770670, at *3 (C.D. Cal. Nov. 9, 2009) ("plaintiffs lack standing to seek prospective relief under the UCL because plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate 'a real or immediate threat of irreparable injury' by defendant's employment practices"); *Milligan v. American Airlines, Inc.*, No. 08-55276, 2009 WL 1154213, at **1 (C.D. Cal. Apr. 30, 2009) ("Milligan is not an American employee. She therefore cannot show that she faces a 'real or immediate threat of irreparable injury' by American's employment practices. The fact that Milligan brought a class-action claim does not alter this analysis.").

Richards cites other cases for the proposition that a former employee in fact may pursue claims for injunctive relief on behalf of a putative class containing current employees. She relies heavily upon a Title VII discrimination case, *Wofford v. Safeway Stores, Inc.*, 78 F.R.D. 460 (N.D. Cal. 1987), and in particular upon the court's observation in that case that "[a] rule disqualifying discharged employees from representing current employees as a matter of law would be intolerable, since it would allow an unscrupulous employer to immunize himself from class action suits." *Id*. at 490 n.6. However, apart from the fact that it is persuasive rather than binding authority, *Wofford* does not address the precise issue presented here, which is whether a former employee has *standing* to seek injunctive relief on behalf of a putative class. Richards' citations from *Wofford* address the typicality requirement in the context of class certification rather than the question of standing.

For the most part, the other cases relied upon by Richards likewise fail to address the standing issue presented by this motion. *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3d Cir. 1975), is another case addressing the adequacy of the putative class representative in the context of a motion for class certification. *Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust*, 3 F.3d 1246 (9th Cir. 1993), is an ERISA case addressing whether former employees could

be considered "affected participants" of the plan. While *Johnson v. GMRI, Inc.*, No. CV F 07-0283 LJO DLB, 2007 WL 2462101 (E.D. Cal. Aug. 27, 2007), does address the standing of a former employee to pursue injunctive relief on behalf of a putative class, the issue in that case was raised in the context of the defendants' motion to strike. The court concluded that "public policy purposes dissuade striking injunctive relief at this early stage." *Id*. at *5. *Johnson* thus is procedurally distinguishable from the instant case. Moreover, to the extent that *Johnson* may be read to support Richards' position, that decision appears to be inconsistent with *Hangarter* and *Hodgers-Durgin*. Accordingly, E&Y's motion for summary judgment will be granted with respect to Richards' prayer for injunctive relief.

**C.    Meal and Rest Breaks**

California Labor Code § 226.7 provides as follows:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.

Richards claims that she was denied meal and rest breaks. However, she testified that she knew she was entitled to take a lunch hour and ten-minute rest breaks, but that she sometimes worked through breaks and lunch if she was busy or wanted to leave earlier rather than staying late. E&Y asserts that this testimony disposes of her meal and rest break claims, because California law requires only that an employer "provide" such breaks and does not require the employer to "ensure" that the breaks are taken. Richards argues that "providing" meal and breaks is insufficient, and that an employer has an affirmative obligation to "ensure" that employees actually utilize their meal and rest breaks.

California law is unsettled on this issue. *See Jaimez v. DAIOHS USA, Inc.*, — Cal. Rptr. 3d —, No. B209486, 2010 WL 93848, at *11 (Cal. App. 2d Dist. Jan. 12, 2010) (noting split

among California appellate courts). The California Supreme Court has granted review in two cases holding that an employer need only "provide" meal and rest breaks, *Brinker Restaurant Corp. v. Superior Court*, 165 Cal. App. 4th 25 (2008), review granted October 22, 2008, and *Brinkley v. Public Storage, Inc.*, 167 Cal. App. 4th 1278 (2008), review granted January 14, 2009. Richards requests that this Court stay litigation of her meal and rest break claims pending the California Supreme Court's determination of the issue. E&Y objects to any stay, but requests that if the Court does issue a stay, the stay be of the entire case and not just certain claims. Richards opposes a stay of the entire action.

If it had a reasonable expectation that the California Supreme Court would decide the issue within a matter of months, this Court likely would stay the instant action pending that decision. However, at the hearing counsel indicated that while *Brinker* has been fully briefed, oral argument has not been set. Under these circumstances, it may be quite some time before the issue is decided. Accordingly, this Court declines to stay the action.

In the absence of case law from the California Supreme Court, this Court must use its best judgment to predict how that court would decide the scope of an employer's obligation to provide meal and rest breaks. *See General Motors Corp. v. Doupnik*, 1 F.3d 862, 865 (9th Cir. 1993). This Court may look to the decisions of California appellate courts for guidance, but it is not bound to follow such decisions. *Id*. at 865 n.4.

The scope of an employer's obligation to provide meal and rest breaks recently was addressed in *Brown v. Fed. Ex. Corp.*, 249 F.R.D. 580 (C.D. Cal. 2008). That decision contains an exhaustive discussion of the relevant statutes and cases, and it concludes that an employer has a duty to "provide" meal and rest breaks but does not have a duty to "ensure" that such breaks are taken. *Id*. at 586. This Court agrees with the analysis set forth in *Brown*. However, because the California Supreme Court will be addressing this issue in the foreseeable future, the Court will dismiss Richards' meal and rest break claims without prejudice rather than granting summary judgment for E&Y as to those claims.

7

## IV. ORDER

E&Y's motion for summary judgment is GRANTED IN PART AND DENIED IN PART as follows:

(1) the motion is DENIED as to Richards' claims for money damages;

(2) the motion is GRANTED as to Richards' claims for injunctive relief; and

(3) Richards' claims based upon E&Y's alleged failure to provide meal and rest breaks are DISMISSED WITHOUT PREJUDICE.

DATED: 2/24/2010

_____
JEREMY FOGEL
United States District Judge