CATHERINE A. CONWAY (SBN 98633)
GREGORY W. KNOPP (SBN 237615)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:    310-229-1000
Facsimile:     310-229-1001
cconway@akingump.com
gknopp@akingump.com

Attorneys for ERNST & YOUNG LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE RICHARDS, on behalf of herself and all others similarly situated and on behalf of the general public, and DOES # 1-20,<br><br>                    Plaintiffs,<br><br>        v.<br><br>ERNST & YOUNG LLP,<br><br>                    Defendants. | Case No. C 08-04988-RMW (HRL)<br><br>Complaint Filed: June 19, 2008<br><br>[Assigned for all purposes to the Honorable Ronald Whyte]<br><br>**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTION TO COMPEL ARBITRATION; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING  DECLARATIONS PREVIOUSLY FILED WITH THE COURT [DKT# 288-2, 288-19, 293]**<br><br>Date:     January 6, 2011<br>Time:     9:00 a.m.<br>Courtroom:  6 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 6, 2012, at 9:00 a.m. in Courtroom 6, 4th floor, of the above-entitled court, located at 280 South First Street, San Jose, California, 95113, Defendant Ernst & Young LLP ("Ernst & Young") will and hereby does move for an order staying proceedings pending appeal of this Court's September 20, 2011 Order Denying Ernst & Young's Motion to Compel [DKT# 297].

Ernst & Young is entitled to a stay pending appeal of the Court's order denying its motion to compel arbitration because it can show that (1) it has at least a "substantial case for relief on the merits" on appeal; (2) it will suffer irreparable harm without a stay; (3) the balance of harms tips in its favor; and (4) a stay is in the public interest.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and the Declarations of Gregory W. Knopp, Daria Hodapp, and Ingrid McGuire (previously filed in support of Ernst & Young's Motion to Dismiss, or in the Alternative, Stay Proceedings and Compel Arbitration [DKT# 288, 288-2, 288-19, and 288-11]), and exhibits thereto, and on such other argument and evidence as may be presented to the Court at or prior to the hearing on this motion.

Pursuant to the San Jose Judges Standing Order, the parties have met and conferred and the proposed hearing date will not cause undue prejudice.

Dated: December 1, 2011      AKIN GUMP STRAUSS HAUER &
FELD LLP
Catherine A. Conway
Gregory W. Knopp

By /s/ Gregory W. Knopp
Gregory W. Knopp
Attorneys for Defendant Ernst & Young LLP

Case No. C 05 04867-RMW (HRL)

MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTION TO COMPEL ARBITRATION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ....................................................................................1

II.  BACKGROUND .....................................................................................3

   A.  Richards Agrees To Arbitrate Her Employment Claims. .......................3

   B.  Former Employees File Overtime Actions Against Ernst & Young. ....3

   C.  Ernst & Young Files A Motion To Compel Arbitration After The Supreme Court Issues Its Decision In *AT&T v. Concepcion*.................4

   D.  This Court Decides Plaintiffs' Class Certification Motion And Ernst & Young's Motion To Compel Arbitration.............................................4

III. STANDARD OF REVIEW ....................................................................5

IV.  ARGUMENT ..........................................................................................6

   A.  Ernst & Young Raises Substantial Issues On Appeal............................6

      1.  Ernst & Young Did Not Act Inconsistently With Its Right To Arbitrate By Filing Its Arbitration Motion After *Concepcion*....7

      2.  The Agreement's Choice-Of-Law Provision Does Not Alter The Analysis, Because A District Court In California Would Have Applied California Law. ..........................................................9

      3.  Richards Faces No Prejudice "Resulting From [] Inconsistent Acts." ......................................................................................10

   B.  Ernst & Young Will Suffer Irreparable Harm Without A Stay. ...........11

   C.  Richards Will Suffer Minimal Harm, If Any........................................12

   D.  A Stay Is In The Public Interest............................................................12

V.   CONCLUSION......................................................................................13

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Alascom, Inc. v. ITT North Electric Co.*,
  727 F.2d 1419 (9th Cir. 1984) ........................................................... 2, 11, 12

*AT&T Mobility v. Concepcion*,
  131 S. Ct. 1740 (2011) ................................................................................ passim

*Blinco v. Green Tree Servicing, LLC*,
  366 F.3d 1249 (11th Cir. 2004) ............................................................... 5

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*,
  622 F.3d 996 (9th Cir. 2010) .................................................................. 9

*Britton v. Co-op Banking Group*,
  916 F.2d 1405 (9th Cir. 1990) ................................................................ 5

*Buckeye Check Cashing Inc. v. Cardegna*,
  546 U.S. 440 (2006) ............................................................................... 12

*C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
  716 F. Supp. 307 (W.D. Tenn. 1989) ................................................ 6, 12

*Ehleiter v. Grapetree Shores, Inc.*,
  482 F.3d 207 (3d Cir. 2007) .................................................................. 5

*Hall Street Assocs. v. Mattel, Inc.*,
  552 U.S. 576 (2008) ............................................................................... 12

*In re Apple and AT&T iPad Unlimited Data Plan Litig.*, No. C1002553 RMW,
  2011 WL 2886407 (N.D. Cal. July 19, 2011) ..................................... 2, 7

*In re DirecTV Early Cancellation Fee Marketing and Sales Practices Litig.*,
  __ F. Supp. 2d __, 2011 WL 4090774 (C.D. Cal. Sept. 6, 2011) ......... 2, 7

*Ingle v. Circuit City Stores, Inc.*,
  328 F.3d 1165 (9th Cir. 2003) ................................................................ 8

*Kaltwasser v. AT & T Mobility LLC*, C 07-00411,
  __ F. Supp. 2d ___, 2011 WL 4381748 (N.D. Cal. Sept. 20, 2011) .... passim

*Kolev v. Euromotors W./The Auto Gallery, Motorcars W. LLC*, 09-55963,
  2011 WL 4359905 (9th Cir. Sept. 20, 2011) ......................................... 12

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) .............................................................. 1, 6

*Letizia v. Prudential Bache Secs., Inc.*,
  802 F.2d 1185 (9th Cir. 1986) ............................................................. 1, 7

*Lopez v. Am. Exp. Bank, FSB*, CV 09-07335 SJO MANX,
    2010 WL 2628659 (C.D. Cal. June 2, 2010) ................................................................. 9

*McCauley v. Halliburton Energy Servs., Inc.*,
    413 F.3d 1158 (10th Cir. 2005) ................................................................................... 5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*,
    460 U.S. 1 (1983) .................................................................................................. 6, 12

*Nken v. Holder*,
    129 S. Ct. 1749 (2009) ................................................................................................ 6

*Oestreicher v. Alienware Corp.*,
    502 F. Supp. 2d 1061 (N.D. Cal. 2007) ...................................................................... 9

*Quevedo v. Macy's, Inc.*, CV 09-1522 GAF MANX,
    2011 WL 3135052 (C.D. Cal. June 16, 2011) .................................................. 2, 7, 11

*Samson v. NAMA Holdings, LLC*,
    637 F.3d 915 (9th Cir. 2011) .................................................................................... 12

*Southland Corp. v. Keating*,
    465 U.S. 1 (1984) ........................................................................................................ 8

*St. Agnes Med. Ctr. v. PacifiCare of California*,
    31 Cal. 4th 1187 (2003) ............................................................................................ 11

*Unified W. Grocers, Inc. v. Twin-City Fire Ins. Co.*,
    457 F.3d 1106 (9th Cir. 2006) .................................................................................... 9

*United States v. Park Place Assocs., Ltd.*,
    563 F.3d 907 (9th Cir. 2009) .................................................................................... 11

*Winig v. Cingular Wireless LLC*, C06-4297 MMC,
    2006 WL 3201047 (N.D. Cal. Nov. 6, 2006) .................................................. 6, 11, 12

**CALIFORNIA CASES**

*Gentry v. Superior Court*,
    42 Cal. 4th 443 (2007) .................................................................................. 7, 8, 9, 10

*Keating v. Super. Ct.*,
    31 Cal. 3d 584 (1982) ................................................................................................. 8

*Klussman v. Cross Country Bank*,
    134 Cal. App. 4th 1283 (2005) ............................................................................. 9, 10

*Szetela v. Discover Bank*,
    97 Cal.App.4th 1094 (2002) .................................................................................. 7, 8

*Washington Mut. Bank, FA v. Super. Ct. (Briseno)*,
    24 Cal. 4th 906 (2001) ................................................................................................ 9

iii                              Case No. C 05 04867-RMW (HRL)

MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTION TO
COMPEL ARBITRATION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

## OTHER STATE CASES

*Hayes v. County Bank*,
    811 N.Y.S.2d 741 (App. Div. 2006) .............................................................. 10

*Matter of Brady v. Williams Capital Grp., L.P.*,
    14 N.Y.3d 459 (2010) ................................................................................... 10

*Ranieri v. Bell Atl. Mobile*,
    759 N.Y.S.2d 448 (App. Div. 2003) .............................................................. 10

*Tsadilas v. Providian Nat'l Bank*,
    786 N.Y.S.2d 478 (App. Div. 2004) .............................................................. 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Defendant Ernst & Young LLP ("Ernst & Young") requests a stay pending appeal of this Court's September 20, 2011 order [DKT# 297] (the "Order") denying Ernst & Young's motion to compel arbitration and stay litigation under the Federal Arbitration Act [DKT# 288] (the "Arbitration Motion"). Ernst & Young qualifies for a stay because (1) it has at least a "substantial case for relief on the merits" on appeal; (2) it will suffer irreparable harm without a stay; (3) the balance of harms tips in its favor; and (4) a stay is in the public interest. *Leiva-Perez v. Holder*, 640 F.3d 962, 966-69 (9th Cir. 2011).

As to the merits, Ernst & Young need not show that it is "more likely than not" to win on appeal; it need only show that it has a "substantial" case. *Leiva-Perez*, 640 F.3d at 966. Ernst & Young easily meets this requirement.

It is undisputed that plaintiff Michelle Richards, a former Ernst & Young employee, agreed to arbitrate her employment claims, including the wage and hour claims she alleges here, pursuant to an arbitration agreement that precludes class treatment. Richards filed her complaint in 2008. Ernst & Young did not file a motion to compel arbitration then because, as this Court has found, it would have been futile to do so under then-prevailing California law. *Kaltwasser v. AT & T Mobility LLC*, C 07-00411, __ F. Supp. 2d ___, 2011 WL 4381748, at *7 (N.D. Cal. Sept. 20, 2011) (quoting *Letizia v. Prudential Bache Secs., Inc.,* 802 F.2d 1185, 1187 (9th Cir. 1986)). Under Ninth Circuit law, a party does not waive its right to enforce an arbitration agreement under these circumstances. *Id*.

On April 27, 2011, the U.S. Supreme Court's decision in *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740 (2011), changed the arbitration landscape by abrogating California's rule against class waivers in arbitration agreements. In the wake of that decision, numerous district courts sitting in California, following Ninth Circuit law, have granted motions to compel arbitration well in to the litigation process. *E.g.*,

1  *Kaltwasser*, 2011 WL 4381748; *In re DirecTV Early Cancellation Fee Marketing and
2  Sales Practices Litig.*, __ F. Supp. 2d __, 2011 WL 4090774, at *1, 6 (C.D. Cal. Sept. 6,
3  2011); *In re Apple and AT&T iPad Unlimited Data Plan Litig.*, No. C1002553 RMW,
4  2011 WL 2886407, at *4 (N.D. Cal. July 19, 2011); *Quevedo v. Macy's, Inc.*, CV 09-
5  1522 GAF MANX, 2011 WL 3135052, at *15 (C.D. Cal. June 16, 2011).

6   Like the defendants in these cases, Ernst & Young filed a motion to compel arbitration after *Concepcion*.  This Court nevertheless ruled that Ernst & Young had waived its arbitration rights because it had not sought to enforce them against David Ho and Sarah Fernandez, former employees who separately sued the firm in 2005 and 2007 when California law was arguably unsettled.  Even assuming *arguendo* that Ernst & Young waived its rights to compel these plaintiffs to arbitrate their claims, however, it cannot have waived its right to compel Richards to do so, because she did not file her lawsuit until 2008, after California law indisputably made it futile to enforce arbitration agreements like Ernst & Young's.  The parties' choice-of-law provision made it no less futile because any district court sitting in California in 2008 would have been obligated to apply California law.

17   The Court also based its ruling on prejudice, observing that Ernst & Young was successful in litigating the claims of Ho and Fernandez.  While the Court found prejudice to Ho and Fernandez, it did not specifically find any prejudice to Richards.

20   As to injury, Ernst & Young will be irreparably harmed without a stay because it will "los[e] forever" "the advantages of arbitration–speed and economy" for which it bargained, and be forced to submit to a trial – and potentially a class action (if its petition challenging this Court's certification decision is denied by the Ninth Circuit) – that may well prove unnecessary. *Alascom, Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).

By contrast, Richards will suffer minimal harm due to delay. The Ninth Circuit has already set a briefing schedule for the appeal, and Ernst & Young would agree to an expedited hearing.

Finally, a stay will promote the public policy in favor of arbitration and the public interest in the economical use of judicial resources.

Because Ernst & Young meets all four requirements, this Court should grant a stay pending appeal.

## II. BACKGROUND

### A. Richards Agrees To Arbitrate Her Employment Claims.

Richards started working at Ernst & Young on August 20, 2001. Hodapp Decl.[1] ¶12 [DKT# 288-19]. It is undisputed that she agreed to arbitrate any employment disputes arising between her and Ernst & Young, and that all of her present claims are subject to arbitration under the agreement.[2]

It is also undisputed that the parties agreed that Richards must arbitrate her claims separately, and not as part of a class. Hodapp Decl. ¶7, Ex. B, ¶ IV.K [DKT# 288-19, 288-21].

### B. Former Employees File Overtime Actions Against Ernst & Young.

In September 2005, former putative class plaintiff David Ho filed an action alleging that Ernst & Young misclassified him and other employees as exempt from California's overtime laws. Knopp Decl. ¶ 2 [DKT# 288-2]. This Court granted Ernst

---

[1] All references to the Declarations of Daria Hodapp ("Hodapp Decl.") [DKT#288-19], Gregory W. Knopp ("Knopp Decl.") [DKT# 288-2] and Ingrid McGuire ("McGuire Decl.") [DKT# 288-11], refer to their declarations filed in support of Ernst & Young's Arbitration Motion [DKT# 288].

[2] Ernst & Young's Common Ground Resolution Program (the "Program") provides for arbitration of "all claims, controversies or other disputes" between Ernst & Young and the employee that could otherwise be resolved by a court, including claims: (1) "based on federal statutes such as . . . the Fair Labor Standards Act"; (2) "based on state statutes"; and (3) "concerning wages, salary, and incentive compensation programs[.]" Hodapp Decl. ¶7, Ex. B, ¶ II.B.1, IIC [DKT# 288-19, 288-21]. Ernst & Young informed Richards about the Program and advised her that, "An employee indicates his or her agreement to the Program and is bound by its terms and conditions by beginning or continuing employment with the firm . . . ." McGuire Decl. ¶¶11, 14, 16, Exs. C, E, and F [DKT# 288-11, DKT# 288-14, DKT# 288-16, DKT# 288-17].

& Young's motion for summary judgment against Ho's individual claims in 2007. *Id.* ¶ 4. While Ernst & Young's summary judgment motion was pending, Ho filed an amended complaint adding former employee Sarah Fernandez as a plaintiff. *Id.* ¶ 3.

In 2008, Richards filed a similar class complaint, as did former Ernst & Young employee Joseph Landon. The Court consolidated the three actions (*Ho/Fernandez*, *Richards*, and *Landon*) for purposes of class certification only. *Id.* ¶¶ 5-7.

### C. Ernst & Young Files A Motion To Compel Arbitration After The Supreme Court Issues Its Decision In *AT&T v. Concepcion*.

On April 27, 2011, the U.S. Supreme Court issued its decision in *Concepcion*, 131 S. Ct. 1740, holding that the FAA preempts California law regarding the unconscionability of class arbitration waivers in consumer contracts. *Id.* at 1753. On June 24, 2011, Ernst & Young filed the Arbitration Motion to compel plaintiffs Fernandez, Landon, and Richards to arbitrate their claims against Ernst & Young [DKT# 288], explaining that it would have been futile to try to enforce the Agreement as written before *Concepcion*.

### D. This Court Decides Plaintiffs' Class Certification Motion And Ernst & Young's Motion To Compel Arbitration.

On September 20, 2011, this Court ruled that Fernandez was not an appropriate representative of the proposed class, and certified a narrower class of Tax employees with Richards as the sole class representative. Order at 5. The *Ho/Fernandez*, *Richards*, and *Landon* cases are thus no longer consolidated.

In the same order, the Court denied Ernst & Young's Arbitration Motion on the ground that Ernst & Young had waived its right to arbitrate Richards' claims because it had not sought arbitration when Ho filed his lawsuit in 2005 or added Fernandez as a plaintiff in July 2007. Order at 7-8.

The Court also ruled that it would not have been futile to seek to compel arbitration before *Concepcion*, because the arbitration agreement calls for application of

federal or New York law rather than California law. Order at 7-8. The Court rejected Ernst & Young's argument that a district court sitting in California would have applied California law under California's choice-of-law rules. *Id*.

Finally, the Court found that prejudice supported its waiver ruling because Ho's and Fernandez's rights were affected when their claims were challenged on summary judgment. Order at 9. The Court did not explicitly state that Richards was prejudiced as a result, however.

Ernst & Young filed a petition to appeal the portion of the order granting class certification pursuant to Federal Rule of Civil Procedure 23(f). The petition is pending in the Ninth Circuit. Ernst & Young also filed a notice of appeal from that portion of the order denying its Arbitration Motion. Richards is the only plaintiff named in these appeals, which do not affect the rights of Ho, Fernandez, or Landon.

## III. STANDARD OF REVIEW

While a majority of circuits provide for an automatic stay when a party takes a non-frivolous appeal from an order denying a motion to compel arbitration,[3] the Ninth Circuit requires the district court to "evaluate the merits of the movant's claim," and "stay the proceedings pending an appeal from [the court's] refusal to compel arbitration" "if, for instance, the court finds that the motion presents a substantial question[.]" *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).

To qualify for a stay pending appeal in the Ninth Circuit, a moving party must show (1) at least a "substantial case for relief on the merits" on appeal; (2) probable irreparable harm if no stay is granted; (3) that the balance of hardships tips in favor of

---

[3] *E.g., Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) (adopting "the majority rule of automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited"); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005) (holding that "[i]f ... the appeal is not frivolous, [the court] will stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration"); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) (holding that "[w]hen a non-frivolous appeal involves the denial of a motion to compel arbitration, it makes little sense for the litigation to continue in the district court while the appeal is pending").

the moving party; and (4) that a stay is in the public interest. *Leiva-Perez*, 640 F.3d at 966-69 (setting forth the Ninth Circuit's approach to stays after the United States Supreme Court's decision in *Nken v. Holder,* 129 S. Ct. 1749 (2009)). Courts in the Ninth Circuit continue to use a "flexible" sliding scale or balancing approach to decide whether to grant a stay. *Id*. at 966.

In keeping with this flexible approach, the moving party need not show that it is "more likely than not" to succeed on appeal, but rather that it has "a substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 966-67; *see Winig v. Cingular Wireless LLC*, C06-4297 MMC, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (observing that a court will grant a stay in the appropriate case even though it disagrees with the moving party's view of the merits) (citing *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Sec. Corp*., 716 F. Supp. 307, 309-10 (W.D. Tenn. 1989)).

All four factors support a stay in this case.

## IV. ARGUMENT

### A. Ernst & Young Raises Substantial Issues On Appeal.

"[I]n light of the strong federal policy favoring enforcement of arbitration agreements," "[w]aiver of a contractual right to arbitration is not favored," and "any party arguing waiver of arbitration bears a heavy burden of proof." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)   (citations omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24-25 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of *waiver*, delay, or a like defense to arbitrability.") (emphasis added). The party asserting waiver must show "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Fisher*, 791 F.2d at 694. Richards did not make this showing.

1.  Ernst & Young Did Not Act Inconsistently With Its Right To Arbitrate By Filing Its Arbitration Motion After *Concepcion.*

As this Court observed in its decision in *Kaltwasser*, "the Ninth Circuit has held that 'there was no existing right to arbitrate' if it would have been 'futile' to pursue arbitration 'under the then-prevailing law in this circuit.'" *Kaltwasser*, 2011 WL 4381748, at *7 (quoting *Letizia,* 802 F.2d at 1187).

Applying this rule, numerous district courts sitting in California (including this Court) have granted motions to compel arbitration that were brought only after the Supreme Court's decision in *Concepcion*. *E.g.*, *Kaltwasser*, 2011 WL 4381748, at *7 ("Before *Concepcion,* adhesive consumer contracts requiring bilateral agreement were generally invalid under *Discover Bank,* so it was 'futile' for [defendant] to pursue arbitration against Kaltwasser"); *accord*, *In re DirecTV Early Cancellation Fee Marketing and Sales Practices Litig.*, 2011 WL 4090774, at *1, 6; *In re Apple and AT&T iPad Unlimited Data Plan Litig.*, 2011 WL 2886407, at *4; *Quevedo*, 2011 WL 3135052, at *15.

 Just like the defendants in the above-listed cases, Ernst & Young elected not to file a motion to compel when Richards filed her complaint in 2008 because it would have been futile to do so under then-prevailing law.  As courts have uniformly recognized, class action bans in arbitration agreements in the consumer and employment context were unenforceable under California law before *Concepcion*.  In 2005, the California Supreme Court held that a class action waiver in a consumer contract of adhesion was unconscionable, and thus unenforceable.  *Discover Bank*, 36 Cal. 4th at 153.  In 2007, the California Supreme Court issued a decision to "clarify" *Discover Bank* by holding that the same reasoning applies to employment contracts.  *Gentry v. Superior Court*, 42 Cal. 4th 443, 452 (2007).

The law did not change until April 27, 2011, when the U.S. Supreme Court ruled that California's "*Discover Bank* rule" was preempted by the FAA and that class action

waivers in arbitration agreements are thus enforceable. *Concepcion*, 131 S. Ct. at 1753. Only then could Ernst & Young enforce its agreement to arbitrate. Less than two months later, Ernst & Young sought to do so by filing a motion to compel arbitration in Richards' case. Because Ernst & Young moved to compel arbitration when the Agreement first became enforceable, the timing of the Arbitration Motion cannot support a finding of waiver.

In keeping with Ninth Circuit law, this Court should have ruled that Ernst & Young did not waive its right to arbitrate Richards' claims by failing to move to compel arbitration in 2008, because it would have been "'futile' to pursue arbitration 'under the then-prevailing law in this circuit.'" *Kaltwasser*, 2011 WL 4381748, at *7. This Court ruled to the contrary on the ground that Ernst & Young had not filed a motion to compel arbitration of Ho's claims in 2005, before the California Supreme Court's decision in *Gentry* made it futile to do so. Order at 8.[4] But the Court cited no law (and we are aware of none) supporting the proposition that a defendant's decision to forego arbitration in one case waives its right to arbitrate claims subsequently brought by a different plaintiff.

Accordingly, the Court erred in ruling that Ernst & Young waived its right to compel arbitration of Richards' claims.

---

[4] The hostility of California courts to arbitration agreements that waive the right to a classwide proceeding actually predates *Gentry*. As early as 1982, the California Supreme Court reasoned that such agreements have the "substantial" effect of contravening the principles behind class action policies and "chilling the effective protection of interests common to a group." *Keating v. Super. Ct.*, 31 Cal. 3d 584, 609 (1982), *rev'd on other grounds sub nom. Southland Corp. v. Keating*, 465 U.S. 1 (1984)). Several years before *Gentry*, the Ninth Circuit ruled that class action waivers in employment agreements requiring arbitration are unconscionable and thus unenforceable under California law. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1176 (9th Cir. 2003) (citing *Szetela v. Discover Bank*, 97 Cal.App.4th 1094, 1100-1102 (2002)). Accordingly, it would have been futile to seek to enforce the Agreement when Ho filed his wage and hour complaint in 2005. Because Ernst & Young appeals as to Richards, only, however, the Court need not reach this issue.

2. The Agreement's Choice-Of-Law Provision Does Not Alter The Analysis, Because A District Court In California Would Have Applied California Law.

The Court also reasoned that Ernst & Young would have had "at least a colorable argument that the parties' choice of [New York] law ought to be honored, particularly before *Gentry* was decided." Order 9.  This too was error.  Courts applying California choice-of-law rules in the arbitration context (as a district court sitting in California would have been required to do, *Unified W. Grocers, Inc. v. Twin-City Fire Ins. Co.*, 457 F.3d 1106, 1111 (9th Cir. 2006)) before *Concepcion* rejected out-of-state law provisions in cases involving California residents.  *E.g., Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010) (applying California law despite Texas choice-of-law provision to determine enforceability of arbitration agreement because dispute involved California residents and California had "substantial, case-specific interest in protecting its resident franchisees from losing [California] statutory protections"); *Oestreicher v. Alienware Corp.*, 502 F. Supp. 2d 1061, 1069 (N.D. Cal. 2007) (applying California law despite Florida choice-of-law provision in light of California's policy prohibiting waivers of classwide arbitration and California's interest in rights of its own residents), *aff'd*, 322 Fed. App'x 489 (9th Cir. 2009); *Klussman v. Cross Country Bank*, 134 Cal. App. 4th 1283, 1300 (2005) (applying California law despite Delaware choice-of-law provision for the same reasons); *Lopez v. Am. Exp. Bank, FSB*, CV 09-07335 SJO MANX, 2010 WL 2628659, at *4 (C.D. Cal. June 2, 2010) (applying California law despite Utah choice-of-law provision for the same reasons).

These decisions are consistent with California law holding that a choice-of-law provision does not control if the chosen state's law contradicts a fundamental policy of California and California has a materially greater interest in the matter.  *Washington Mut. Bank, FA v. Super. Ct. (Briseno)*, 24 Cal. 4th 906, 916 (2001).  This standard would have been satisfied here.  First, California has a greater interest in this matter than New

York because the case concerns the application of California's overtime laws to individuals who live and work here. *See Klussman*, 134 Cal. App. 4th at 1300. Second, New York law would have violated California public policy as it existed before *Concepcion*. California has a "strong public policy" favoring enforcement of its overtime laws, and California courts had held that this policy would be undermined "at least frequently if not invariably" by enforcing arbitration agreements with class action waivers. *Gentry*, 42 Cal. 4th at 457, 464. In New York, by contrast, such agreements were enforceable at all times during the period in question. *Hayes v. County Bank,* 811 N.Y.S.2d 741, 743 (App. Div. 2006) (class action waiver does not render arbitration agreement unconscionable); *accord*, *Tsadilas v. Providian Nat'l Bank,* 786 N.Y.S.2d 478, 480 (App. Div. 2004); *Ranieri v. Bell Atl. Mobile*, 759 N.Y.S.2d 448, 449 (App. Div. 2003); *see also Matter of Brady v. Williams Capital Grp., L.P.*, 14 N.Y.3d 459, 467 (2010) (such agreements are enforced unless the "cost differential between arbitration and litigation in court" would be "so substantial as to deter the bringing of the claims in the arbitral forum.").[5]

Accordingly, Ernst & Young's decision not to seek to enforce its arbitration agreement before *Concepcion* was not inconsistent with its right to seek arbitration.

### 3. Richards Faces No Prejudice "Resulting From [] Inconsistent Acts."

Because Richards failed to show that Ernst & Young acted inconsistently with its arbitration rights, she cannot claim any prejudice "resulting from such inconsistent acts." *Fisher*, 791 F.2d at 694; *see Kaltwasser*, 2011 WL 4381748, at *7-8.

In any event, Richards did not show any prejudice. She cites litigation and discovery expenses, but "courts will not find prejudice where the party opposing

---

[5] Richards' agreement to arbitrate is enforceable under this standard, as a New York court recently held. 7/1/11 Decision and Order, *Mansberger v. Ernst & Young*, 652093/10 ("7/1/11 Decision"), Declaration of Christopher K. Petersen filed in Support of Ernst & Young's Reply Memorandum of Points and Authorities in Support of its Motion to Dismiss, or in the Alternative, Stay Proceedings and Compel Arbitration, ¶3, Ex. B at p. 7 [DKT# 293, 293-2].

arbitration shows only that it incurred court costs and legal expenses." *Quevedo*, 2011 WL 3135052, at *7 (citing *St. Agnes Med. Ctr. v. PacifiCare of California*, 31 Cal. 4th 1187, 1203 (2003)); *see also United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (no prejudice despite "extreme burdens of discovery, which were disproportionately imposed on [plaintiff]."). In any event, as the Ninth Circuit opined in *Fisher*, any such "wounds" were "self-inflicted." *Fisher*, 791 F.2d at 698 ("Any extra expense incurred as a result of [plaintiffs'] deliberate choice of [a non-arbitral] forum, in contravention of their contract, cannot be charged to [the defendant].").

This Court ruled that "Plaintiffs" were prejudiced because Ernst & Young "obtained summary judgment against Ho, and it was able to flesh out its 'poor employee' defense against Fernandez in the summary judgment motion it brought against her." Order at 9. The Court made no specific prejudice findings as to Richards.

In sum, because Ernst & Young did not act inconsistently with its right to arbitrate, and Richards herself did not demonstrate that she would be prejudiced if the Arbitration Motion were granted, the Court's waiver ruling is erroneous and should be reversed.[6]

### B.  **Ernst & Young Will Suffer Irreparable Harm Without A Stay.**

If a stay is not granted, Ernst & Young will be deprived of the arbitration forum for which it bargained, and will be subjected to the expense of discovery and a trial that will prove unnecessary if Ernst & Young prevails on appeal. The Ninth Circuit has held that a party suffers "serious, perhaps, irreparable" harm when it "must undergo the expense and delay of a trial before being able to appeal [an order denying a motion to compel arbitration]," because "the advantages of arbitration–speed and economy–are lost forever[.]" *Alascom*, 727 F.2d at 1422; *see Winig*, 2006 WL 3201047, at *2 (citing

---

[6] The Court did not address Richards' alternative argument that she could not vindicate her statutory rights without class treatment of her claims. It rejected a virtually identical argument on the same day in its decision in *Kaltwasser*, 2011 WL 4381748.

*Alascom* and granting a stay). The harm to Ernst & Young is magnified here because it will have to defend against a class action (if its Rule 23(f) petition challenging this Court's certification decision is denied) when it bargained for arbitration of individual claims only.

### C. Richards Will Suffer Minimal Harm, If Any.

By contrast, Richards will suffer some delay, which can be remedied, if necessary, by money damages. Further, the Ninth Circuit has already set a briefing schedule for the appeal, and Ernst & Young agrees to an expedited oral argument to minimize delay. Accordingly, the balance of harms strongly favors Ernst & Young.

### D. A Stay Is In The Public Interest.

A stay will promote the public policy in favor of arbitration and the public interest in the economical use of judicial resources.

As both the Ninth Circuit and the U.S. Supreme Court have repeatedly held, the FAA sets forth a "'congressional declaration of a liberal federal policy favoring arbitration agreements.'" *E.g., Kolev v. Euromotors W./The Auto Gallery, Motorcars W. LLC*, 658 F.3d 1024, 1029 (9th Cir. 2011) (quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24, and citing *Hall Street Assocs. v. Mattel, Inc.,* 552 U.S. 576, 581 (2008) and *Buckeye Check Cashing Inc. v. Cardegna,* 546 U.S. 440, 443 (2006)); *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2011) (same). A stay will advance the public interest in arbitration by ensuring that Ernst & Young is not required to litigate the instant action unless and until the Ninth Circuit resolves the pending appeal in Richards' favor.

A stay will also advance the public interest in the efficient use of judicial resources. "It 'does not make sense for [the district court] to expend its time and energy preparing this case for trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper forum to hear the case.'" *Winig*, 2006 WL 3201047, at *3 (quoting *C.B.S.*, 716 F. Supp. at 310).

## V. CONCLUSION

For the reasons set forth above, this Court should grant a stay pending appeal of its order denying Ernst & Young's motion to compel arbitration.

Dated: December 1, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP
CATHERINE A. CONWAY
GREGORY W. KNOPP

By  */s/ Gregory W. Knopp*
Gregory W. Knopp
Attorneys for ERNST & YOUNG LLP

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, California 90067. On December 1, 2011, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTION TO COMPEL ARBITRATION; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATIONS PREVIOUSLY FILED WITH THE COURT [DKT# 288-2, 288-19, 293]** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 1, 2011, at Los Angeles, California.

Yvonne Shawver
[Print Name of Person Executing Proof]          [Signature]

---

14                                          Case No. C 05 04867-RMW (HRL)
MOTION TO STAY PROCEEDINGS PENDING APPEAL OF THE COURT'S ORDER DENYING MOTION TO
COMPEL ARBITRATION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES