E-FILED on   1/11/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHELLE RICHARDS, on behalf of herself and all others similarly situated and on behalf of the general public, and DOES # 1-20,<br><br>Plaintiffs,<br><br>v.<br><br>ERNST & YOUNG LLP,<br><br>Defendant. | No. C-08-04988 RMW<br><br>ORDER GRANTING MOTION TO STAY PENDING APPEAL<br><br>**[Re Docket No. 67]** |

Defendant Ernst & Young LLP ("Ernst & Young") moves to stay proceedings pending appeal of this court's September 20, 2011 order denying defendant's motion to compel arbitration. Plaintiff opposes the motion. On January 6, 2012, the court held a hearing to consider defendant's motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This case is one of three actions brought against Ernst & Young that were consolidated for purposes of class certification. The other two cases are *Ho v. Ernst & Young LLP*, No. C-05-04867, and *Landon v. Ernst & Young LLP*, No. C-08-02853. The plaintiffs in each action allege violations of California's overtime laws and seek to assert claims on behalf of a class of similarly situated

individuals who were employed in Ernst & Young's Tax group or Assurance group. After the cases were consolidated, plaintiffs moved to certify a class with Michelle Richards, named plaintiff in the present case, and Sarah Fernandez, a named plaintiff in *Ho*, as class representatives. On September 20, 2011, the court granted in part and denied in part the motion for class certification. The court found that Fernandez failed to meet the typicality requirement because Ernst & Young had defenses unique to her. The court further found that neither proposed representative was typical of persons who worked in entirely different positions. The court certified a narrowed class of "staff" and "senior" employees in the Tax group, with Richards as the sole representative.

In the same order certifying a class, the court denied Ernst & Young's motion to compel arbitration. The court found that defendant had waived its right to arbitration by litigating the actions for years without raising the binding arbitration clause contained in plaintiffs' employment agreements. The court rejected defendant's assertion that it had not sought to compel arbitration earlier because such a motion would have been futile until the Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). The court reasoned that (1) the case cited by defendant in support of its futility argument, *Gentry v. Superior Court*, 42 Cal.4th 443 (2007), had been decided after more than a year of litigation in *Ho*, which made defendant's assertion less credible, and (2) because the employment agreements contained a New York choice-of-law provision, the court could not conclude as a matter of law that California law would have applied and rendered a motion futile.

Defendant filed a motion for leave to move for reconsideration of the finding that it had waived arbitration with respect to Richards, which the court denied on October 19, 2011. Thereafter, defendant appealed the court's September 20, 2011 Order to the extent it denied defendant's motion for an order compelling arbitration of Richards' claims. Defendant separately sought, but was denied, leave under Fed. R. Civ. P. 23(f) to appeal the class certification portion of the order.

## II. ANALYSIS

Defendant moves to stay proceedings pending resolution of its appeal regarding arbitration of Richards' claims. Although an order denying a motion to compel arbitration results in an

automatic stay pending appeal in some circuits, in the Ninth Circuit such a stay is discretionary. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). Whether to issue a stay depends on consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (2011) (quoting *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009))

### A. Likelihood of Success on the Merits

The parties agree that defendant need not show it is "more likely than not" to succeed on appeal but rather a "reasonable probability" or "a substantial case on the merits." *See Leiva-Perez*, 640 F.3d at 966-68. While this court found that Ernst & Young had waived its right to arbitration, the issue is not clear-cut. A waiver analysis is "conducted in light of the strong federal policy favoring enforcement of arbitration agreements," and "any party arguing waiver of arbitration bears a heavy burden of proof." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986) (citations omitted). Defendant has identified several points on which there is a reasonable probability that the court of appeals might disagree with this court's decision. For example, the futility issue in this case was complicated by a choice of law analysis. This court found that the uncertain choice of applicable law prevented it from finding that moving to compel would have been futile. However, *Gentry* includes some language concerning "the public importance of overtime legislation" and "the strong public policy" behind California's statute. Thus, a court could conclude that a fundamental policy of California was implicated and California law should apply notwithstanding the New York choice-of-law provision. A court might thereupon find that this result, and the subsequent invalidation of the arbitration clause, was sufficiently certain so as to render moving to compel arbitration futile.

There is also a substantial question regarding what weight should be given defendant's decision not to move to compel arbitration in *Ho*, a separate case that was consolidated only for class certification purposes. Defendant argues that waiver is a pure question of law, but the first element of waiver is knowledge, which suggests there is some subjective, factual component that

ORDER GRANTING MOTION TO STAY PENDING APPEAL—No. C-08-04988 RMW
LJP                                                                3

1  could be informed by defendant's conduct beyond a particular case. However, there is a reasonable
2  probability that the court of appeals could find such conduct either irrelevant, or insufficient to carry
3  the heavy burden of proving waiver. Thus, the court finds defendant has shown a sufficient
4  likelihood of success on the merits to weigh in favor of a stay.

### B. Irreparable Harm

Defendant, quoting *Alascom, Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984), argues that it will suffer "serious, perhaps, irreparable" harm if it must proceed with the case because "the advantages of arbitration–speed and economy–are lost forever." Plaintiffs respond that litigation expenses generally are not considered an irreparable harm and, because the parties have already engaged in years of litigation, the potential for speedy and expeditious arbitration has already been lost. Courts have, of course, reached different conclusions on whether a party will suffer irreparable harm based on the specific circumstances of each case, and the parties have directed this court to various decisions and sought to distinguish those that reach an opposite result. Given the diversity of outcomes, the court finds no categorical rule that time and money spent in litigation can never constitute an irreparable harm. Nor is the court persuaded by plaintiffs' conclusory assertion that the cases finding irreparable injury "cannot withstand the holding of the Supreme Court in *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009)." Dkt. No. 70 at 14. *Nken*, an immigration case, held that deportation "is not categorically irreparable" and that, because Congress had allowed aliens to continue to seek review after removal, "the burden of removal alone cannot constitute the requisite irreparable injury." 129 S. Ct. at 1761. To the extent this aspect of *Nken* is relevant at all, it supports the court's approach of rejecting categorical rules and evaluating the circumstances of the present case as a whole.

Because of the procedural posture of this case, there are significant consequences to denying a stay and allowing the case to proceed. Plaintiffs are correct that many of the advantages of immediate arbitration have already been lost after years of litigation. However, the case is just now entering the stage in which it will proceed as a class action, with a class having been certified and interlocutory review denied. This changes both the character of the litigation and the potential scale of expenses. *See Steiner v. Apple Computer, Inc.*, 2008 WL 1925197 at *5 (N.D. Cal. 2008) (noting

1 allowing case to proceed could lead to "expensive and burdensome notification and certification
2 procedures" "in addition to the standard costs and burden associated with consumer litigation"); *Del*
3 *Rio v. CreditAnswers, LLC*, 2010 WL 3418430 at *4 (S.D. Cal. 2010) ("The difference in litigation
4 expenses between a two-party case and a class action is substantial.").  Moreover, while the parties
5 disagree on whether this case is largely ready for trial or will require significant additional discovery
6 and motion practice, both situations impose serious burdens on defendant that can be avoided if the
7 appeal is decided in defendant's favor.  Even cases that found no irreparable harm have considered
8 the imminence of trial a factor that could change the analysis.  *See Bradberry v. T-Mobile USA, Inc.*,
9 2007 U.S. Dist. LEXIS 58801 at *11 (N.D. Cal. 2007) ("[A] stay would be appropriate when the
10 trial date approaches or if discovery were burdensome."); *Li v. A Perfect Franchise, Inc.*, 2010 U.S.
11 Dist. LEXIS 60814 at *16 (N.D. Cal. 2011) (allowing defendants to renew their motion to stay if the
12 case proceeded "to the point of final pretrial preparations without a ruling [on the appeal]").  Thus,
13 the court finds defendant will suffer irreparable harm and this factor weighs in favor of a stay.

14    **C.**   **Whether A Stay Will Injure Other Parties**

15    Plaintiffs argue that they will be injured by the delay resulting from a stay and that there is a
16 "need for this very old case to be promptly readied for trial and finally resolved."  Defendant
17 responds that delay will be minimized because briefing on appeal will be completed by March 12,
18 2012, and it has agreed to an expedited oral argument.  Delay can certainly constitute "a substantial
19 injury to the plaintiff."  *See Bradberry*, 2007 U.S. Dist. LEXIS 58801 at *12.  However, as
20 defendant points out, plaintiffs have only cited generic concerns regarding delay and have not
21 identified any specific harms, such as loss of evidence.  *Cf. id.* (finding "the risk of lost evidence
22 weighs against granting a stay").  Moreover, it appears that plaintiffs are amenable to some amount
23 of delay: plaintiffs in this case took the position that "scheduling of trial and additional discovery
24 deadlines and trial is premature" until the court rules on certain issues in *Ho*, potentially including
25 another class certification motion.  *See* Dkt. No. 68 (Joint Case Management Statement) at 3.  Rather
26 than trying to press this case to its speediest conclusion, plaintiffs urged that the class claims of the
27 Tax group be tried together with the Assurance group claims, *id.*, which would entail waiting on the
28 other two cases.  In short, plaintiffs appear willing to suffer delay if it advances their own interests,

**United States District Court**
For the Northern District of California

ORDER GRANTING MOTION TO STAY PENDING APPEAL—No. C-08-04988 RMW
LJP                           5

which suggests the harm from delay is not that substantial. Thus, while the court does not completely reject plaintiffs' concerns, the court finds they weigh only weakly against a stay.

### D. The Public Interest

Defendant argues that the public interest favors a stay because a stay promotes the public policy in favor of arbitration and conserves judicial resources. Plaintiffs argue that the public interest is aligned with their interests, i.e., that the same concerns regarding prompt resolution of the case and avoiding delay apply equally to the third and fourth factors. It is true that delay can harm the public interest, particularly where the substance of the case itself implicates the public interest. *See Bradberry*, 2007 U.S. Dist. LEXIS 58801 at *15-16 (noting "putative class members may not be aware of the harm Defendant's actions are allegedly causing them" so "[a] delay of proceedings will allow any harm to the putative class members to continue, and therefore may materially affect the public interest in vindicating the rights of consumers"). However, plaintiffs have not shown how speedy resolution of this case in particular would promote the public interest, and even that benefit could be outweighed by the public interest in avoiding unnecessary consumption of judicial resources, which favors waiting for the results of the appeal before further proceedings in this court.

Courts considering public interest issues similar to those in this case have found that the federal policy favoring arbitration embodied in the FAA and the economical use of judicial resources lead the public interest to favor a stay, even when other interests are at play. *See Winig v. Cingular Wireless LLC*, 2006 WL 3201047 at *3 (N.D. Cal. 2006); *Del Rio*, 2010 WL 3418430 at *5. On the other hand, courts tend to find that a stay is against the public interest where the moving party has not shown a sufficient likelihood of success on the merits. *See Bradberry*, 2007 U.S. Dist. LEXIS 58801 at *13-15 ("Because Defendant does not have a strong likelihood of success on appeal, a stay may not result in the conservation of judicial resources. Therefore, the public interest in judicial economy does not strongly favor granting a stay."); *Castaneda v. United States*, 2008 U.S. Dist. LEXIS 40567 (C.D. Cal. 2008) (finding "the public interest favors allowing the plaintiff to proceed absent a compelling reason to the contrary" and defendants had failed "to show even a possibility of success on the merits"). Here, in light of defendant's showing on the first factor, the court finds that the public interest favors a stay.

### III. ORDER

For the foregoing reasons, the court grants defendant's motion to stay. This case is hereby stayed pending resolution of defendant's appeal of the court's order denying defendant's motion to compel arbitration or until further order of this court. The parties shall notify the court in writing within ten (10) days of any disposition of defendant's appeal by the Ninth Circuit.

DATED: January 11, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge